THOMAS PAGE, Appellee,
*against*
SAMUEL WALKER, Esquire, Appellant.

THIS was an action of debt on a bond. Defendant pleaded *nil debet*. Verdict for the plaintiff, and judgment for the penal sum. Motion to chancer filed by the defendant last term. And now the defendant moves for leave to plead *de novo*, that he might plead a release in bar, which was tested anterior to his filing the plea *nil debet*.

*The Court will not award a repleader after a judgment upon a material issue.*

*John Cook*, for the defendant. In this action we were surprised into an immaterial issue. We had expected to have shewn our release under the plea *nil debet*, but the Court excluded it.

We learn from *Bacon's Abridgment*, vol. 5. p. 454. that the general rule is, that if there be an immaterial issue, and thereupon a verdict, upon which the Court cannot know for whom to give judgment, whether for the plaintiff or defendant, a repleader is regularly to be awarded; for such immaterial issue is not aided after verdict by 32 *Henry* VIII. c. 30. or any of the statutes of jeofail.

WOODBRIDGE, Chief Judge. This does not touch the present case.

*Cook*. True; but the trial in this case has not touched the merits of the cause. This is a motion that the Court will favour in order to do substantial

justice. *Burr. Rep.* vol. 1. p. 292 to 301. *Rex* v. *Roger Philips,* Mayor of *Caermarthen.*

*Daniel Chipman, e contra.* The authorities do not apply. The present case does not come within the rules of the Court. Here a motion to chancer after verdict and judgment has been filed, and a motion for repleader is beyond all rule. But not to insist on this, the repleader is always awarded from something intrinsic, the record (never *extrinsic,*) or when the parties join issue upon an immaterial fact, which cannot help the Court to found a judgment, but not because the party has mistaken his ground of defence. Parties may have several grounds of defence. Some may be preferable to others, and have their election. In this case the party had his election, and the issue has been decided against him upon a material fact.

*Per Curiam.* From the statement of the defendant's counsel, this appears to be a hard case. But the Court cannot relieve. Here is a material issue joined, verdict, and judgment. The Court will not award a repleader after judgment.

Motion discharged, and cause continued by order of Court.*

*Daniel Chipman,* for plaintiff.
*John Cook,* for defendant.

---

\* The defendant sought relief in the Court of Chancery, and obtained a decree containing a perpetual injunction upon this suit, *February* term, A. D. 1805.